IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01846-MSK-KLM

DUNCAN PHILP,

     Petitioner,

v.

HONORABLE MARY CELESTE,
THE COUNTY AND MUNICIPAL COURT OF THE CITY AND COUNTY OF DENVER,
COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## OPINION AND ORDER DENYING PETITION

**THIS MATTER** comes before the Court pursuant to the Petitioner's Petition **(# 1)** for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, the Respondents' response **(# 8)**, and the Petitioner's Traverse **(# 14)**.

The underlying facts are not in dispute. On December 15, 2001, the Petitioner was in attendance at a public demonstration in Denver, Colorado, regarding the U.S. Constitution's Bill of Rights and/or Denver's municipal ordinances regarding the carrying of firearms. A speaker at the demonstration made remarks concerning the Second Amendment, and then displayed a firearm in his possession. Police then arrested the speaker for violation Denver Municipal Code § 38-117(b).[1] The Petitioner presented himself to police and stated that he, too, had a gun in his

---

[1] That section provides that "It shall be unlawful for any person, except a law enforcement officer in the performance of duty, to carry, use or wear any dangerous or deadly weapon,

1

possession, and showed it to the police. The police then arrested the Petitioner as well, charging him with violation of § 38-117(b).

The Petitioner moved to dismiss the charge against him, on the grounds that the Denver Municipal Ordinance violated the Second Amendment of the United States Constitution[2]; Article II, Section 3 of the Colorado Constitution[3]; and Article II, Section 13 of the Colorado Constitution.[4] On April 22, 2002, the Colorado County Court for the County of Denver denied the Petitioner's motion, finding that: (i) the Petitioner did not show that the right to bear arms was deemed by the U.S. Supreme Court to be a fundamental right, incapable of abridgement by the state; (ii) as to the Colorado Constitution, the right to bear arms is not a fundamental right, and can be abridged by reasonable regulations imposed by the state, *citing Robertson v. City and County of Denver*, 874 P.2d 325, 331 (Colo. 1994); (iii)the Denver ordinance was a reasonable exercise of police power, *citing Trinen v. Denver*, 53 P.3d 754 (Colo. App. 2002).

The charge against the Petitioner was tried to a jury on May 29, 2002 in Colorado County Court for the County of Denver. The Petitioner requested that the trial court instruct the jury that he was entitled to raise a "constitutional defense," *i.e.* that he was carrying the weapon pursuant

---

including, but not by way of limitation, any [gun]."

[2]"A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

[3]"All persons have certain natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing, and protecting property; and of seeking and obtaining their safety and happiness."

[4]"The right of no person to keep and bear arms in defense of his home, person and property, or in aid of the civil power when thereto legally summoned, shall be called in question; but nothing herein shall be construed to justify the practice of carrying concealed weapons."

to the permissible terms of Article II, Section 13 of the Colorado Constitution – that his possession was, in an abstract sense, "in defense of his home, person, and property." *Citing People v. Ford*, 568 P.2d 26, 28-29. The trial court refused to permit the defense, finding that the only "self-defense" defense that could be raised was that of the Denver Municipal Code §38-118(b), which permits the carrying of a weapon in response to "a direct and immediate threat." The Petitioner conceded that he could not establish the existence of an immediate threat, and proceeded to try the case without putting forward a significant defense to the charges.

The jury convicted the Petitioner of the charge, and on July 12, 2002, the trial court sentenced the Petitioner to 30 days in jail, but suspended that sentence upon the Petitioner completing 20 days of home confinement, followed by a one-year period of probation. The court further suspended the execution of the sentence pending the Petitioner's appeal of the conviction.

The Petitioner timely appealed his conviction to the Colorado District Court for the County of Denver, raising six grounds: (i) that the Petitioner was improperly deprived of his "constitutional defense"; (ii) that the ordinance violates Article II, Section 3 of the Colorado Constitution; (iii) that the ordinance violates Article II, Section 13 of the Colorado Constitution; (iv) that the ordinance violates the Second Amendment to the U.S. Constitution; (v) that the Ordinance "violates the principles of the Declaration of Independence, thus it must be found unconstitutional under the Colorado Constitution"; and (vi) that the Petitioner was deprived of a fair trial because the trial judge was biased against the Petitioner's exercise of his constitutional rights. By Order dated May 16, 2003, the Colorado District Court affirmed the Petitioner's conviction, finding: (i) the "constitutional defense" sought to be offered by the Petitioner would have improperly expanded the self-defense defense available under the Municipal Code, and thus,

was properly denied; (ii) that the Colorado Constitution permits reasonable regulation of firearm possession, and the ordinance is a reasonable exercise of police powers; (iii) the ordinance does not violate the U.S. Constitution because the Second Amendment does not confer a fundamental right on citizens that cannot be abridged; and (iv) the Petitioner's contention that his trial judge was biased was without merit.

The Petitioner contends that he timely filed a Petition for Writ of Certiorari to the Colorado Supreme Court, but that that writ was denied on September 8, 2003. A copy of the Petition is not included in the record here, making it impossible for the Court to determine what issues were raised therein.[5]

On September 7, 2004, the Petitioner, through counsel, commenced the instant action by filing a Petition **(# 1)** pursuant to 28 U.S.C. § 2254. The Petition asserts two claims: (i) that the Petitioner was deprived of Due Process under the 14th Amendment to the United States Constitution because the trial court improperly tried him "pursuant to the then-existing laws of the State of Colorado," and that he was "denied the protections of the Colorado Constitution and of then- {and now} existing Colorado Supreme Court precedent interpreting and applying the Colorado Constitution," insofar as he was prevented from presenting his "constitutional defense" argument as recognized in *Ford*; and (ii) that he was deprived of his federal Due Process right "to

---

[5]The Respondents' response alleges that on November 23, 2004, the Colorado District Court entered an order ruling that "the County Court failed to act in a timely fashion in imposing the sentence on Mr. Philp once the Colorado Supreme Court had denied certification and thus were barred from imposing any sentence of Mr. Philp." Although such a ruling might have a significant impact on the issue of whether the Petitioner is indeed "in custody" for purposes of 28 U.S.C. § 2254, no copy of that order has been supplied by either party.

have a jury determine whether his defense of self-defense had been disproved beyond a reasonable doubt by the government."[6]

28 U.S.C. § 2254 provides that this Court can grant *habeas* relief when a petitioner shows that he is in custody "in violation of the Constitution or laws or treaties of the United States." The Court will assume – without necessarily finding – that the Petitioner was "in custody" at the time this action was commenced, and that he has properly exhausted his claims in the state courts.

Nevertheless, the Court finds that *habeas* relief under § 2254 is inappropriate here because the Petition does not raise any issues of federal law. In essence, the Petition asserts several ways in which the trial court misapplied state law as it related to the charges against him, and asserts that these violations of state law constitute a deprivation of his rights under the federal Constitution. This premise is incorrect. *See Engle v. Issac*, 456 U.S. 107, 119 (1982) ("Insofar as respondents simply challenge the correctness of the self-defense instructions under Ohio law, they allege no deprivation of federal rights and may not obtain habeas relief"). Couching erroneous interpretations of state law as violations of the Due Process Clause of the 14th Amendment does not suffice to cause such claims to arise under the Constitution or laws of the United States. *Id.* at 121 n. 21 ("We have long recognized that a mere error of state law is not a denial of due process. If the contrary were true, then every erroneous decision by a state court on state law would come to this Court as a federal constitutional question") (internal punctuation and citation omitted).

---

[6]The Petition states that the facts supporting this claim are the same as the facts supporting the first claim.

Although the Petitioner alleged violations of the U.S. Constitution in his brief to the Colorado District Court, this Court has found nothing in his Petition or Traverse that raises any argument that the Denver ordinance violates the Second Amendment of the U.S. Constitution. It is clear from the text of the Petition and the Traverse that the Petitioner alleges only violations of Colorado law. Because the Petition was filed by the Petitioner's able counsel, the Court will assume that the omission of any Second Amendment claim was deliberate, and thus, does not interpret the Petition to preserve such issue. *Rutledge v. U.S.*, 230 F.3d 1041, 1052 (10th Cir. 2000) (*habeas* petitioner represented by counsel not entitled to liberal construction of pleadings).

Accordingly, the Court finds that the Petition fails to raise any federal issue. Thus, no relief under 28 U.S.C. § 2254 is available. The Petition **(# 1)** is **DENIED**, and the Clerk of the Court is directed to close this case.

Dated this 20th day of September, 2007

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge